# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JOHN WAYNE CHAPMAN,
            Appellant,

            v.

UNITED STATES POSTAL SERVICE,
            Agency.

DOCKET NUMBER
CH-0752-22-0269-I-1

DATE: September 11, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Marisa L. Williams</u>, Esquire, Englewood, Colorado, for the appellant.

<u>Alexander R. Rivera</u>, Esquire, Denver, Colorado, for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which affirmed the appellant's removal. For the reasons set forth below, the appellant's petition for review is DISMISSED as untimely filed without good cause shown. 5 C.F.R. § 1201.114(e), (g).

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

**BACKGROUND**

¶2     The appellant filed the instant appeal challenging his removal.  Initial Appeal File (IAF), Tab 1.  On May 22, 2023, the administrative judge issued an initial decision affirming the appellant's removal.  IAF, Tab 67, Initial Decision (ID).  She found that the agency proved its charges and that the appellant failed to prove his affirmative defenses of sex discrimination, due process violation, harmful procedural error, laches, and retaliation for his prior Board appeal. ID at 6-32.  She also concluded that the penalty of removal was reasonable and promoted the efficiency of the service.  ID at 33-37.  The initial decision informed the appellant how to file a petition for review and explained that the deadline for filing a petition for review was June 26, 2023.  ID at 37.

¶3     The appellant has filed a petition for review.  Petition for Review (PFR) File, Tab 1.  However, he did not file until June 29, 2023, three days after the deadline for doing so.  *Id.*  The agency has filed a response requesting that the petition for review be dismissed as untimely filed without good cause shown. PFR File, Tab 3 at 4-8.

**DISCUSSION OF ARGUMENTS ON REVIEW**

¶4     A petition for review generally must be filed within 35 days after the date of the issuance of the initial decision, or if the party filing the petition shows that the initial decision was received more than 5 days after it was issued, within 30 days after the party received the initial decision.  *Palermo v. Department of the Navy*, 120 M.S.P.R. 694, ¶ 3 (2014); 5 C.F.R. § 1201.114(e).  The Board will waive the time limit for filing a petition for review only upon a showing of good cause for the delay in filing.  *Palermo*, 120 M.S.P.R. 694, ¶ 4; 5 C.F.R. § 1201.114(g).

¶5     The party who submits an untimely petition for review has the burden of establishing good cause for the untimely filing by showing that he exercised due diligence or ordinary prudence under the particular circumstances of the case.

*Palermo*, 120 M.S.P.R. 694, ¶ 4. To determine whether a party has shown good cause, the Board will consider the length of the delay, the reasonableness of his excuse and the party's showing of due diligence, whether he is proceeding pro se, and whether he has presented evidence of the existence of circumstances beyond his control that affected his ability to comply with the time limits or of unavoidable casualty or misfortune which similarly shows a causal relationship to his inability to timely file his petition. *Id.*; *see Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table).

¶6      Here, the administrative judge issued the initial decision on May 22, 2023, and served it on the appellant that same day.[2] ID at 1; IAF, Tab 68. Thus, the appellant was required to file his petition for review no later than June 26, 2023. ID at 37. As noted above, the appellant's petition for review of the initial decision was filed on June 29, 2023, three days after the deadline set forth in the initial decision.[3] PFR File, Tab 1. Because the filing appeared untimely, the Board's e-Appeal system automatically generated questions concerning timeliness, to which the appellant responded, "I am not late on this response. I live in Missouri and i initially tried to submit my respone [sic] at 11:11pm on the 26th of June. It is currently 11:23 pm in Missouri and i need to submit this." *Id.* at 5.

---

[2] On review, the appellant asserts that he received the initial decision on May 27, 2023. PFR File, Tab 1 at 4. However, Board documents served electronically on e-filers are deemed received on the date of electronic submission. 5 C.F.R. § 1201.14(*l*)(2) (2023). When a statute or regulation "deems" something to be done or to have been done, the event is considered to have occurred whether or not it actually did. *Lima v. Department of the Air Force*, 101 M.S.P.R. 64, ¶ 5 (2006). Further, even if the appellant received the initial decision on May 27, 2023, as he claimed, he would still be required to file his petition for review by June 26, 2023. *See* 5 C.F.R. § 1201.114(e).

[3] Pursuant to the Board's regulations, all pleadings filed via e-Appeal are time stamped with Eastern Time, but the timeliness of a pleading is determined based on the time zone from which the pleading was submitted. *See* 5 C.F.R. § 1201.14(m) (2023). The petition for review in this matter was stamped "2023-06-30 00:43:29" by e-Appeal. As the appellant's address of record at the time of filing was located in the Central Time Zone, the pleading was filed on June 29, 2023, at 11:43 p.m. Central Time. PFR File, Tab 1.

¶7    The Clerk of the Board issued an acknowledgment letter, instructing the appellant that an untimely filed petition for review must be accompanied by a motion to either accept the filing as timely and/or waive the time limit for good cause. PFR File, Tab 2 at 1 (citing 5 C.F.R. § 1201.114(g)). The letter further instructed the appellant that if he wished to file the aforementioned motion, he must include a statement signed under penalty of perjury or an affidavit showing that the petition was either timely filed or good cause existed for the untimeliness. *Id.* at 1-2. It also included a form for the motion, sworn statement, and affidavit and provided a deadline of July 15, 2023. *Id.* at 2, 7-8. Despite the instructions contained in the acknowledgment letter, the appellant did not submit a sworn statement, affidavit, or further explanation for the untimely filing.

¶8    We considered whether the appellant's claim that he timely filed his petition for review was accurate, PFR File, Tab 1 at 4, and the apparent delay resulted from issues with the Board's e-Appeal system. Under limited circumstances, the Board will excuse delays in filing caused by difficulties encountered with the e-Appeal system. *E.g.*, *Salazar v. Department of the Army*, 115 M.S.P.R. 296, ¶¶ 6-8 (2010) (excusing a filing delay when the appellant alleged that he attempted to electronically file his petition for review on time and the e-Appeal system showed that he had, in fact, accessed the system prior to the date that his petition was due, and after he became aware that his petition had not been filed, the appellant promptly contacted the Board and submitted a petition for review that included an explanation of his untimeliness); *Lamb v. Office of Personnel Management*, 110 M.S.P.R. 415, ¶ 9 (2009) (finding good cause for the untimely filing of a petition for review when the appellant reasonably believed he timely filed his appeal by completing all questions on the appeal form and exited the website without receiving a clear warning that his appeal was not filed). However, we find that the appellant's failure to timely file his submission is not excusable here.

¶9    The appellant has not shown any circumstances beyond his control, such as unavoidable casualty or misfortune, which affected his ability to comply with the

time limits. To the extent the appellant contends that he was unable to comply with the June 26, 2023 deadline, the Board notes that he did not submit a request for an extension of time to file his petition for review nor did he file the timeliness motion, as mentioned above, to explain his untimeliness. Further, to the extent the appellant alleges that he experienced difficulty submitting his petition via e-Appeal, there is no evidence in the record that he attempted to pursue alternate means to timely file his petition. *See* 5 C.F.R. § 1201.14(f) (2023) ("A party or representative who has registered as an e-filer may file a pleading by non-electronic means, i.e., via postal mail, fax, or personal or commercial delivery."). Although he is proceeding pro se on review and his 3-day filing delay is minimal, under the circumstances of this case, we find that the appellant has failed to establish good cause for his delay in filing his petition for review. *See Palermo*, 120 M.S.P.R. 694, ¶¶ 5-8 (declining to excuse a 7-day delay); *Schuringa v. Department of the Treasury*, 106 M.S.P.R. 1, ¶¶ 4 n.*, 9, 14 (2007) (finding a 4-day delay minimal). *Smith v. Department of the Army*, 105 M.S.P.R. 433, ¶ 6 (2007) (declining to excuse the appellant's 1-day delay in filing his petition for review when the appellant failed to explain the delay).

¶10    Accordingly, we dismiss the petition for review as untimely filed. This is the final decision of the Merit Systems Protection Board regarding the timeliness of the petition for review. The initial decision remains the final decision of the Board regarding the appellant's removal.

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at

http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case,

and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3)** **<u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your petition for

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195,

review within **60 days** of the <u>date of issuance</u> of this decision.   5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx

FOR THE BOARD:

*Gina K. Grippando*

_____

Gina K. Grippando
Clerk of the Board

Washington, D.C.